Citizens' Bank vs. Bailey and Sheriff.

No. 6132.

CITIZENS' BANK OF LOUISIANA VS. G. M. BAILEY AND SHERIFF.

The defendant has caused certain mortgaged property to be seized by virtue of a
judgment and advertised to be sold by the sheriff. The Citizens' Bank, holding .
a prior mortgage on said property, enjoined the sale.
It is not seen how the interests of the bank could be affected by these proceedings.
It is clear that the mortgage creditor has the right to have the mortgaged prop-
erty sold. It is also clear that no sale thereof, no matter how made, could affect
the bank's mortgage, unless the bank consented thereto.
The bank has the right to cause the property upon which its mortgage rests to be
sold, in whose hands soever it may be found, and nothing which the seizing
creditor could do. unless with the bank's consent, could affect its rights.
As to the objection that the property is to be sold in lots of from ten to fifty acres,
the reply is that under the present constitution it could be sold in no other way.
It may be that the constitution does not affect the rights of the bank, as the
bank's mortgage was upon it before the constitution was adopted, but the result
of this is simply that the bank's mortgage, or its rights thereunder, remain un-
divested and undisturbed by the sale which the plaintiff, through the sheriff,
seeks to make. Upon this point, however, this court expresses no opinion.

APPEAL from the Fifth Judicial District Court, parish of Iberville.
Dewing, J. A. Pitot and G. Wailes, for plaintiff and appellant. Bar-
row & Pope, for defendant and appellee.

MORGAN, J. The defendant, as executor of the last will of Robert H.
Bailey, deceased, obtained judgment against Lewis E. Woods on notes
dated January 1, 1869, secured by mortgage on certain property. He
caused the property mortgaged to be seized, and it was advertised to be
sold by the sheriff. The Citizens' Bank, holding a prior mortgage on
the property so advertised, enjoined the sale on the grounds:

First—That the property, instead of being advertised with the condi-
tion that the purchaser will have to assume the stock-note due the bank
and secured by mortgage, is advertised to be sold for cash to an amount
of nine thousand dollars, and an assumption of a note of three thousand
one hundred dollars, with interest, the amount due the second-mortgage
creditor, without mention of the stock-note due the bank, and of the
manner in which it is payable under the charter.

Second—That the property is advertised to be sold in lots of ten to
fifty acres, notwithstanding the mortgage of the bank anterior to the
constitution of 1868, and without providing for a division of the stock
attached to each respective lot.

We do not see how the interests of the bank can be affected by these
proceedings. It is clear that the mortgage creditor has the right to have
the mortgaged property sold. It is also clear that no sale thereof, no
matter how made, could affect the bank's mortgage, unless the bank
consented thereto. The bank has the right to cause the property upon
which its mortgage rests to be sold, in whose hands soever it may be

found, and nothing which the seizing creditor could do, unless with the bank's consent, could affect its rights.

As to the objection that the property is to be sold in lots of from ten to fifty acres, the reply is that under the present constitution it could be sold in no other way. It may be that the constitution does not affect the rights of the bank, as the bank's mortgage was upon it before the constitution was adopted, but the result of this is simply that the bank's mortgage, or its rights thereunder, remain undivested and undisturbed by the sale which the plaintiff, through the sheriff, seeks to make; but upon this point we express no opinion.

Judgment affirmed.

Rehearing refused.